## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

TRACY ALAN TERRY,                          )
                                           )
                Defendant/Movant,          )
                                           )
v.                                         )    5:04-cr-00492-SLB-JEO
                                           )    5:08-cv-08022-SLB-JEO
UNITED STATES OF AMERICA,                  )
                                           )
                Respondent.                )

## <u>MEMORANDUM OPINION</u>

This matter is before the court on the motion of Tracy Alan Terry (hereinafter "Terry" or "the defendant") to vacate, set aside, or correct his conviction and sentence filed pursuant to 28 U.S.C. § 2255.  (Doc. 1).[1]  Upon consideration of the same, the court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

The defendant was charged with unlawful possession of a firearm by a domestic violence misdemeanant, in violation of 18 U.S.C. § 922(g)(9).  A jury found the defendant guilty and he was sentenced on October 27, 2005, to serve one hundred twenty months.  The defendant did not appeal his conviction or sentence.

On June 17, 2008, the defendant filed the present motion.  In it, he alleges the following: (1) the district court lacked jurisdiction to try him; (2) he told his trial counsel that he wanted to file an appeal and that counsel refused and that he did not learn of his right to file an appeal until the filing of the instant petition; (3) he was never read his Miranda rights; (4) his right to

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in the post-conviction proceedings designated 5:08-CV-08022-SLB-JEO.

representation was violated because the county jail repeatedly refused to allow him to telephone his counsel; (5) he was denied counsel at vital stages of the criminal proceedings; (6) he was denied counsel due to a conflict of interest with his court appointed counsel; (7) his counsel was ineffective for failing to object to a biased jury instruction; (8) the court is denying him his right to appeal by denying him access to court transcripts; (9) he was unable to defend himself against false allegations that "Judge Blackburn on the day of sentencing was ranting and raving about information that she had and was going to use against [him] that was untrue;" (10) counsel was ineffective for failing to file motions to suppress evidence planted in his house by the government; (11) he was detained in the county jail for over 30 days without a detention hearing; and, (12) the court erred in denying his counsel's request to withdraw as counsel due to a conflict of interest.   The magistrate judge assigned this matter entered an order requiring the United States to appear and file a response to the defendant's claims.  The United States has filed a response asserting that the motion is barred from review premised on the applicable statute of limitations.  (Doc. 3).

## DISCUSSION

### Statute of Limitations

As noted above, the United States contends that the defendant's claims are procedurally precluded from review premised on the one-year statute of limitations.  Pursuant to 28 U.S.C. § 2255, there is a one-year statute of limitations within which a motion to vacate a conviction must be filed.  The defendant's judgment of conviction became final on or about November 10, 2005, ten days after judgment was imposed on October 27, 2005.  *See* FED. R. APP. P. 4(b)(1)(A). Therefore, the one year period in which to file a petition pursuant to § 2255 ended on November

10, 2006.  28 U.S.C § 2255(f)(1).  The present motion was not filed until June 17, 2008, which is over a year and a half after the expiration of the applicable statute of limitations.  Accordingly, the defendant's claims are barred from review.[2]

The petitioner, however, contends that "the statute of limitations does not start running until the person becomes aware of there [sic] rights," and that he only became aware of his right to appeal on March 13, 2008, when he met his current "jailhouse lawyer," Chris Myers.[3]  The petitioner's understanding of the law, however, is flawed.  As stated previously, the petitioner's time for appeal began to run from the date that his judgment of conviction became final.  Therefore, in the instant case, the petitioner's time for appeal expired on November 10, 2006.

---

[2]In his reply to the Government's Response to his Motion to Vacate, the petitioner asks the court to treat his petition as one for coram nobis relief should the court find his claims inappropriate for relief under § 2255.  The court notes that

> [t]he writ of error coram nobis is of the same general character as a § 2255 motion. *Morgan*, 346 U.S. at 506 n.4, 74 S. Ct. 247.  Courts have been reluctant to allow successive § 2255 petitions, preferring to ensure finality in postconviction proceedings. *See, e.g., Gonzalez* [*v. Secretary for the Department of Corrections*], 366 F.3d [1253,] 1269 [11th Cir. 2004]; *Johnson v. United States*, 340 F.3d 1219, 1224 (11th Cir. 2003).  Moreover, the restrictions on filing a successive petition cannot be avoided by simply placing a different label on the motion.  *See Gonzalez*, 366 F.3d at 1263.  Considering the limited circumstances in which successive petitions are permitted, the Plaintiff should not avoid the bar to motions to set aside a conviction based on previously asserted grounds simply because his motion is now construed as a writ of error coram nobis.

*Sun v. United States*, 342 F. Supp. 2d 1120 (N.D. Ga. 2004).  While the types of claims the petitioner seeks to assert in the present petition are appropriate for a § 2255 petition, they are barred by the one year statute of limitations.

The petitioner's argument that his petition should not be barred by the statute of limitations as he was not aware of his right to appeal his sentence until after his time for appeal had run is not convincing.  To the contrary, the transcript of the Sentencing Hearing reflects that the defendant was made aware of his right to appeal at that time.  (Sentencing Transcript at p. 26).

[3]Mr. Myers actually filed the petitioner's Reply for him as the petitioner was in "lockdown" at the time of the filing. (Doc. 6 at p. 13).

**CONCLUSION**

Premised on the foregoing, the defendant's motion to vacate, set aside, or correct his

sentence (doc. 1) is due to be denied and dismissed with prejudice.  An appropriate order will be

entered.

**DONE**, this 6th day of February, 2009.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE